ZADEL, Appellant, v. JOHNSTON, Respondent

(41 N. W.2d 227)

(File No. 9073. Opinion filed February 15, 1950)
Rehearing denied March 22, 1950.

**E. G. Jones, Jones, Matthews & Fitzpatrick**, Sioux Falls, for Appellant.

**Bellamy, Eastman & Christol**, Rapid City, for Respondent.

HAYES, P.J. The defendant in this action was the party plaintiff in litigation involving the assets of the estate of Edward Vappling, deceased. A part of that litigation is reflected in Johnston v. Eriksson, 71 S.D. 268, 23 N.W.2d 799. Subsequent to the cited decision and at the conclusion of a second trial defendant was adjudged to be entitled to the assets of said estate. Pending an appeal from such adjudication the parties to the action reached a settlement by the terms whereof the appellants in that proceeding, the heirs

at law of the decedent, received from Hilda Johnston funds of the estate in the sum of $7,750. The balance of the estate property then passed to defendant.

Pending the first trial in the proceedings referred to above defendant wrote three letters to plaintiff informing the latter of her claim to the Vappling property, setting forth in some detail the views of her attorney and other persons respecting her claim and seeking a statement and testimony by plaintiff in aid of defendant's asserted right to receive said property. From these three letters we quote what appears to us as controlling and what is chiefly relied upon by plaintiff in support of the cause she now seeks to maintain. First letter: "Well he said everything was mine and he wanted me to be sure and see to it that Mildred (that's you) would get a thousand dollars. I told him I most surely would see to it that you got the money." and "It was Ed's wish that you have a thousand dollars of his money and if I don't get it you will be out, too, and you really deserve it, Mildred." Second letter: "I kept dinging Ed about leaving you something and I know you know what kind of arguments we had and finally he said he would leave you a thousand dollars and that I would have to see to it that you get it and that I surely will do if I get the estate because you deserve all of it." And "Anything and everything you can say to help me out will be great and of course will be to your benefit too later." Third letter: "It was Ed's wish Mildred, that I see to it that you get a thousand dollars and if I get that estate you surely will get it. You have earned it and well deserve it."

As stated in the cited opinion, no will of said decedent was found. No money or property, real or personal, was at any time delivered by Mr. Vappling to defendant as, or out of which might be carved, the corpus of a trust. Although nothing passed from deceased to defendant for plaintiff's benefit it is the contention of plaintiff that the bare claim of defendant to the right to receive the Vappling estate was property in the hands of defendant of such a character as to constitute the corpus of a trust and that defendant's letters must be treated and regarded as a declaration by her that she held her asserted right for the benefit of plaintiff

to the extent of $1,000. Plaintiff argues that the wishes of decedent, as stated in said letters, are significant in determining the legal construction to be drawn from defendant's writings.

The wish or intention of the deceased to make a gift of $1,000 to plaintiff can in law be of no concern to any one now. Other than to give expression to some thought then in his mind, Mr. Vappling did nothing to make his intention or expressed thoughts effective at the time of his death. By no act of his did he make it possible for the defendant to execute an intention he at one or more times mentioned. We do not understand it to be plaintiff's position that what Mr. Vappling may have said at one time or another may now be viewed as legally sufficient to create in favor of plaintiff a trust in property he did not deliver to defendant.

██ Turning to defendant's letters we look for words indicating with reasonable certainty an intention to create a trust. SDC 59.0105. A trust is created only if the settlor manifests an intention to create the same. Bedell v. Steele, 71 S.D. 609, 28 N.W.2d 369. No expression of defendant in any of her letters indicates an intention to create a trust for plaintiff's benefit in the claim she was then seeking to have adjudicated. On the contrary, defendant's letters, in substance and effect, stated simply that she claimed the property of the Vappling estate; that no will or other effective disposition of said property could be found; that Mr. Vappling said he wanted plaintiff to have $1,000, and that if defendant was successful in the pending litigation and received the Vappling property she would give plaintiff the sum of money Mr. Vappling said he wanted the latter to have. In our opinion the learned trial court committed no error in declining to view defendant's letters as manifesting an intention on her part to create a trust.

██ Plaintiff contends also that the understanding between Mr. Vappling and defendant that the latter was someday to receive his property and that she would give $1,000 to plaintiff, coupled with Vappling's expression of a dislike for lawyers, constituted an inducement to decedent not to make a will naming plaintiff a beneficiary and an intended recipient of the stated sum. In answer to this contention

we deem it sufficient to note that the record before us discloses no action or statement on defendant's part supporting the view that she brought about the absence of a will or other disposition of his property by the hand of the decedent. In the absence of adequate proof to establish the fact, we think that a decision to the effect that defendant had prevailed upon Mr. Vappling not to make a will benefiting the plaintiff would have been altogether unwarranted.

We think it quite obvious that the understanding, if such there was, between Mr. Vappling and the defendant that the latter would deliver to plaintiff the sum of $1,000 was coupled with the expressed intention of Mr. Vappling to leave his property to defendant and was conditioned upon an execution of that intention by a will or other means of vesting in defendant the property he said he wanted her and plaintiff to have. The failure of Mr. Vappling to manifest his declared intention in such manner as could be recognized as legally effective has led to the litigation reviewed and a disposition of his estate not in keeping with the thoughts he is said to have entertained and voiced. This being the case we think it cannot reasonably be contended that property or funds came into defendant's hands which belong to plaintiff.

Judgment dismissing plaintiff's complaint is affirmed.

All the Judges concur.